RESOLUCIÓN
La Constitución del Estado Libre Asociado de Puerto Rico, en su Art. II, Sec. 1, L.P.R.A., Tomo 1, prohíbe el discrimen por razón de sexo. Por consiguiente, rechaza el hostigamiento sexual como una de sus manifestaciones.
Tanto la política pública del Estado Libre Asociado de Puerto Rico, manifestada por mandatos legislativos, como la establecida por la Rama Judicial, prohíben en todas sus formas dicha práctica ilegal y discriminatoria por razón de género, y repudian todo acto constitutivo de hostigamiento sexual en el empleo, lo que constituye una ofensa contra la dignidad del ser humano.
Por otra parte, el Art. V, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, establece que el Tribunal Supremo podrá destituir a los jueces y a las juezas por las causas y mediante el procedi-miento que se disponga por ley. Por su parte, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. see. 24 et seq.), en su Art. 6.006 (4 L.P.R.A., sec. 25n), esta-blece que el procedimiento disciplinario y de separación del servicio de los jueces y las juezas se regirá por lo dispuesto en las reglas que apruebe el Tribunal Supremo a esos efectos.
En conformidad con estas disposiciones, con los precep-tos legislativos encaminados a la erradicación del hostiga-miento sexual, con la política pública de la Rama Judicial y como respuesta a la necesidad de establecer un mecanismo efectivo para atender quejas por hostigamiento sexual, *639 aprobamos las reglas que establecen el Procedimiento para Acciones Disciplinarias contra Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico por Hostigamiento Sexual, el cual se incluye como parte integral de esta Resolución.
Este reglamento establece un procedimiento justo, rá-pido e imparcial para ventilar las quejas por hostigamiento sexual que se presenten contra los jueces y las juezas del Tribunal de Primera Instancia y del Tribunal de Apelacio-nes de Puerto Rico, e impone responsabilidad por esta con-ducta ilegal salvaguardando el interés de la parte quere-llante y los derechos de la parte querellada. Además, faculta al Juez Presidente o a la Jueza Presidenta y al Director Administrativo o Directora Administrativa de la Oficina de Administración de los Tribunales a tomar las medidas cautelares correspondientes para la protección de las partes cuando se inicia una investigación.
Este procedimiento entrará en vigor a los sesenta días de la certificación de la presente Resolución.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del TribunalSupremo

CAPÍTULO I. TÍTULO, ALCANCE, INTERPRETACIÓN
Regla 1 — Título
Estas reglas se conocerán como “Procedimiento para Ac-ciones Disciplinarias contra Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico por Hostigamiento Sexual”.
*640 Regia 2 — Base legal
Estas reglas se adoptan en conformidad con las disposi-ciones del Art. II, Sec. 1, y el Art. V, Sec. 11 de la Constitu-ción del Estado Libre Asociado de Puerto Rico, y con el Art. 6.006 dé la Ley de la Judicatura de Puerto Rico de 2003, según enmendada, con la política pública de la Rama Judicial y con la Ley de Hostigamiento Sexual en el Empleo, Ley Núm. 17 de 22 de abril de 1988, según enmendada.
Regla 3 — Política pública y acción afirmativa
La Rama Judicial sostiene como política pública que el hostigamiento sexual en el empleo o relacionado con el em-pleo es una práctica ilegal y discriminatoria por razón de sexo que no será tolerada. Mediante este documento se re-afirma la prohibición del hostigamiento sexual en el tra-bajo y se adopta el procedimiento a seguir para presentar quejas o querellas por este motivo.
Toda persona que entienda que ha sido objeto de con-ducta constitutiva de hostigamiento sexual por parte de un juez o una jueza, podrá recurrir al procedimiento de que-rella establecido.
En el fiel cumplimiento de esta responsabilidad, se to-mará acción inmediata y apropiada que incluirá, sin limi-tarse a:
(1) Divulgar esta política pública en detalle a los jueces y las juezas, y a los empleados y las empleadas, orientarlos sobre la prohibición del hostigamiento sexual en el empleo y garantizarles que pueden trabajar con seguridad y dignidad.
(2) Dar publicidad amplia en el lugar de trabajo para que las personas aspirantes a empleo conozcan los dere-chos y la protección que les confiere la ley.
(3) Instruir a todos los Jueces Administradores y las Juezas Administradoras sobre su responsabilidad de man-tener el área de trabajo libre de hostigamiento sexual.
(4) Instruir a los Jueces Administradores y las Juezas *641 Administradoras sobre su responsabilidad de notificar in-mediatamente a la Directora o al Director Administrativo de los Tribunales sobre cualquier queja o querella recibida de personas que. aleguen ser víctimas de hostigamiento . sexual.
Regla 4 — Definiciones
Las siguientes palabras y frases utilizadas en estas re-glas significarán:
(1) Alguacil o Alguacila — Alguacil o alguacila del Tribunal Supremo o de cualquier tribunal designado.
(2) Comisión — Comisión de Disciplina Judicial.
(3) Comisionado Asociado o Comisionada Asociada— Miembro de la Comisión de Disciplina Judicial.
(4) Director Administrativo o Directora Administrati-va — Director Administrativo o Directora Administrativa de la Oficina de Administración de los Tribunales.
(5) Evidencia clara y convincente — Criterio intermedio de suficiencia de prueba, entre el quantum requerido en los casos civiles de preponderancia de la prueba y el requerido para probar la culpabilidad en los casos criminales, esto es, más allá de duda razonable.
(6) Hostigamiento sexual — Cualquier tipo de acerca-miento sexual no deseado, requerimientos de favores sexuales y cualquier otra conducta verbal o física de natu-raleza sexual, cuando se da una o más de las circunstan-cias siguientes:
(A) cuando el someterse a esta conducta se con-vierte de forma implícita o explícita en un término o una condición del empleo de una persona;
(B) cuando el sometimiento o rechazo a esta con-ducta por la persona se convierte en fundamento para la toma de decisiones en el empleo o respecto del empleo, que afectan a esa persona, o
(C) cuando esa conducta tiene el efecto o propósito de interferir irrazonablemente con el desempeño del tra- *642 bajo de esa persona o cuando se crea un ambiente de tra-bajo intimidante, hostil u ofensivo.
(7) Juez o Jueza — Persona que por nombramiento o de-signación se desempeña como juez o jueza en la Rama Judicial de Puerto Rico, salvo los jueces o las juezas del Tribunal Supremo.
(8) Juez Administrador o Jueza Administradora — Persona que por designación del Juez Presidente o de la Jueza Presidenta, de entre los jueces y las juezas superiores, es responsable de la supervisión y el buen funcionamiento de una región judicial.
(9) Juez Asociado o Jueza Asociada — Juez Asociado o Jueza Asociada del Tribunal Supremo de Puerto Rico.
(10) Juez Presidente o Jueza Presidenta — Juez Presi-dente o Jueza Presidenta del Tribunal Supremo de Puerto Rico.
(11) Oficina de Asuntos Legales — Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales o aquella oficina, persona o personas que tengan a su cargo la investigación de quejas.
(12) Presidente o Presidenta — Presidente o Presidenta de la Comisión de Disciplina Judicial.
(13) Procedimiento — Procedimiento para Acciones Dis-ciplinarias de Jueces y Juezas del Tribunal de Primera Ins-tancia y del Tribunal de Circuito de Apelaciones de Puerto Rico por Hostigamiento Sexual.
(14) Promovente — Toda persona que entienda que ha sido objeto de conducta constitutiva de hostigamiento sexual por parte de un juez o una jueza y presenta una queja por hostigamiento sexual contra éste o ésta.
(15) Queja informal — Primera alegación verbal o es-crita en la que el o la promovente informa al Juez Admi-nistrador o a la Jueza Administradora, o al Director Admi-nistrativo o a la Directora Administrativa de los Tribunales sobre alguna conducta que pudiese constituir hostigamiento sexual por parte de un juez o una jueza.
*643 (16) Queja formal — Escrito bajo juramento o declara-ción jurada ante un notario o una notaría, o ante un fun-cionario o una funcionaría autorizado o autorizada de la Oficina de Asuntos Legales, con lo cual comienza la inter-vención e investigación de dicha división legal.
(17) Querella — Escrito presentado ante la Comisión de Disciplina Judicial luego de una determinación de causa, en el cual se le imputa a un juez o a una jueza una con-ducta que viole los Cánones de Ética Judicial, los cánones del Código de Ética Profesional, la ley o la reglamentación pertinente y que pueda conllevar la imposición de cual-quier sanción disciplinaria.
(18) Reglas — Reglas que comprenden el procedimiento para las acciones disciplinarias por hostigamiento sexual.
(19) Secretario o Secretaria — Secretario o Secretaria del Tribunal Supremo de Puerto Rico o el funcionario o la funcionaría designado o designada por aquel o aquella.
(20) Tribunal — Tribunal Supremo de Puerto Rico.
Regla 5 — Jurisdicción y alcance
(1) Estas reglas regirán el procedimiento disciplinario contra jueces y juezas en casos de hostigamiento sexual, según definida por la Ley de Hostigamiento Sexual en el Empleo, Ley Núm. 17 de 22 de abril de 1988, reglamentada por los Cánones de Ética Judicial y los cánones del Código de Ética Profesional, y por una orden o el Reglamento del Tribunal Supremo.
(2) Cuando en la queja formal se alegue, además de los hechos que puedan constituir hostigamiento sexual, otro tipo de conducta que no constituya hostigamiento sexual, se seguirá este procedimiento.
(3) Sin que la enumeración siguiente sea considerada taxativa, no se investigará aquella queja formal que:
(A) pretenda intervenir impropiamente con deter-minaciones judiciales;
(B) pretenda utilizar indebidamente el procedi-miento disciplinario para lograr la inhibición de un juez o *644 de una jueza en un caso particular o cualquier ventaja en un caso o procedimiento ante su consideración;
(C) sea anónima, y
(D) sea frívola de su faz.
Regla' 6 — Interpretación
Estas reglas se interpretarán de modo que garanticen a los ciudadanos y a las ciudadanas, y a los jueces y a las juezas la pronta consideración de las quejas por hostiga-miento sexual, el debido proceso de ley y la justa y rápida disposición de todo asunto presentado. Los términos dis-puestos en este procedimiento son de carácter directivo, prorrogables por justa causa.
CAPÍTULO: II. PRESENTACIÓN DE LA QUEJA
Regla 7- — Inicio del procedimiento
(.1) La parte promovente podrá presentar una queja formal o informal para investigar la conducta de un juez o de una jueza por alegado hostigamiento sexual.
(2) El Juez Presidente o la Jueza Presidenta, un Juez Asociado o una Jueza Asociada, o el Director Administra-tivo o la Directora Administrativa de los Tribunales, podrá solicitar a iniciativa propia una investigación sobre la con-ducta por alegado hostigamiento sexual, por parte de un juez o una jueza. La solicitud bajo este inciso no requerirá juramento alguno.
Regla 8 — Medidas provisionales o administrativas
En consulta con el Juez Presidente o la Jueza Presi-denta, el Director Administrativo o la Directora Adminis-trativa, o el Juez Administrador o la Jueza Administradora podrá tomar aquellas medidas provisionales o administra-tivas para la protección de ambas partes y de la investiga-ción bajo estas reglas.
Regla 9 — Presentación de la queja informal
(1) La parte promovente podrá informar verbalmente o *645 por escrito, sobre la alegada conducta constitutiva de hos-tigamiento sexual del juez o de la jueza, al Juez Administrador o a la Jueza Administradora de su región judicial o al Director Administrativo o a la Directora Administrativa.
(2) El Juez Administrador o la Júeza Administradora, al recibir la queja informal por escrito, deberá notificar a la parte promovente de sus derechos y tendrá la obligación de remitirla al Director Administrativo o a la Directora Admi-nistrativa inmediatamente y no más tarde de tres días la-borables de recibirla. De ser una queja verbal, el Juez Ad-ministrador o la Jueza Administradora deberá completar el formulario provisto para ello y remitirlo, dentro del mismo término, al Director Administrativo o a la Directora Administrativo. La parte promovente suscribirá el docu-mento que prepare el Juez Administrador o la Jueza Admi-nistradora como que contiene una relación de todos los he-chos (fecha, hora, lugar, testigos) relacionados con la queja presentada. En el caso de que la parte promovente se nie-gue a firmar el formulario, el Juez Administrador o Jueza Administradora requerirá la presencia de un testigo, a quien luego de apercibirle en tomo a la confidencialidad del procedimiento certificará que, el Juez Administrador o Jueza Administradora advirtió de sus derechos a la parte promovente en su presencia y de su requerimiento para que firme el formulario que se habrá preparado luego de concluida la entrevista inicial, de la negativa de ésta a fir-marlo, así como de las razones que ha aducido para ello.
(3) El Juez Administrador o la Jueza Administradora tendrá la obligación de informarle al promovente que po-drá presentar una queja formal, escrita y bajo juramento al Director Administrativo o la Directora Administrativa para que comience el proceso investigativo.
(4) Si un funcionario o una funcionaría en posición directiva o de supervisión recibe una queja informal de un empleado o una empleada bajo su supervisión, deberá re- *646 mitirla o informarla inmediatamente al Juez Administra-dor o a la Jueza Administradora de su respectiva región judicial en el formulario provisto para estos propósitos. El Juez Administrador o la Jueza Administradora procederá, entonces, conforme a lo dispuesto en los incisos (2) y (3) que anteceden.
(5) Una vez recibida la queja informal, el Director Ad-ministrativo o la Directora Administrativa, o la persona en quien se delegue, tendrá cinco días laborables para remi-tirla a la Oficina de Asuntos Legales para su estudio y la recomendación de si procede que se comience una investi-gación formal bajo el procedimiento establecido en la Regla 7(2).
Regla 10 — Forma y lugar de presentación de la queja formal
(1) Para dar inicio al proceso de investigación, la parte promovente deberá presentar una queja juramentada. La queja formal podrá ser un escrito jurado ante un notario o una notaria, o una declaración jurada ante un funcionario o una fimcionaria de la Oficina de Asuntos Legales.
(2) La queja formal se presentará personalmente o se remitirá por correo al Director Administrativo o la Direc-tora Administrativa, quien informará de ello al Juez Pre-sidente o la Jueza Presidenta dentro de un plazo de cinco días laborables a partir de su presentación y la remitirá para su evaluación inicial a la Oficina de Asuntos Legales dentro del término de tres días laborables de haber sido recibida.
(3) Si la parte promovente presenta la queja juramen-tada directamente al Juez Administrador o a la Jueza Ad-ministradora de su región judicial, éste o ésta deberá remi-tirla inmediatamente, y no más tarde de tres días laborables, al Director Administrativo o a la Directora Administrativa. La fecha de la presentación de esta queja será la fecha cuando el Director Administrativo o la Direc-tora Administrativa la recibió.
*647 (4) El que una persona no presente una queja formal no es obstáculo para que el Juez Presidente o la Jueza Presi-denta, o el Director Administrativo o la Directora Adminis-trativa comience un procedimiento investigativo bajo la Regla 7(2).
Regla 11 — Contenido de la queja formal
(1) Toda queja formal presentada cumplirá con los re-quisitos siguientes:
(A) será formulada por escrito y bajo juramento;
(B) indicará el nombre completo, la dirección postal y el teléfono del promovente;
(C) identificará al juez promovido o a la jueza pro-movida por su nombre y el tribunal en que éste o ésta se desempeña, y de desconocerlos, brindará suficientes datos que permitan su identificación, y
(D) expondrá detalladamente los hechos que moti-van la queja e indicará la fecha y el lugar donde éstos ocurrieron.
(2) La queja incluirá, además, cualquier otra informa-ción e identificará testigos o documentos para sustentarla.
(3) La parte promovente certificará por escrito que la queja presentada contiene una relación detallada de todos los hechos.
Regla 12 — Registro de quejas
La Oficina de Asuntos Legales anotará el recibo de toda queja bajo este procedimiento en el Registro Especial de Quejas y Solicitudes de Separación.
Regla 13 — Evaluación
(1) La Oficina de Asuntos Legales, o la persona desig-nada por el Director Administrativo o la Directora Admi-nistrativa, evaluará toda queja dentro de los cinco días la-borables siguientes a su presentación.
(2) Si la queja presentada no cumple con los requisitos formales de la Regla 11 de este procedimiento, se notificará *648 al promovente y se le indicará la razón que la hace insufi-ciente y la forma y el término para subsanarla.
(3) El promovente será advertido, además, de que de-berá corregir la insuficiencia conforme los señalamientos dentro del término de diez días laborables a partir de la notificación, y que transcurrido este término sin que se efectúe la subsanación, la Oficina de Asuntos Legales estu-diará la queja y recomendará si procede que se comience el procedimiento bajo la Regla 7(2).
(4) De no iniciarse el procedimiento bajo la Regla 7(2) y de no haber sido subsanada su insuficiencia como queja formal, ésta se considerará desistida. El promovente será advertido de esta determinación. Si no está satisfecho con tal indicación, el promovente podrá solicitar la reconside-ración al Director Administrativo o la Directora Adminis-trativa dentro de los diez días laborables siguientes a la notificación. Si al reconsiderar el Director Administrativo o la Directora Administrativa sostuviera los señalamientos, el promovente podrá solicitar la revisión de tal determina-ción ante el Juez Presidente o la Jueza Presidenta.
(5) El Juez Presidente o la Jueza Presidenta, o el Juez Asociado o la Jueza Asociada que designe el Tribunal, la resolverá y el Secretario o la Secretaria notificará al pro-movente, al Director Administrativo o a la Directora Admi-nistrativa y al juez o a la jueza.
(6) Si de la evaluación inicial resulta que, en conformi-dad con lo dispuesto en la Regla 5 de este procedimiento, el asunto carece de mérito, la Oficina de Asuntos Legales in-formará al Director Administrativo o a la Directora Admi-nistrativa, quien inmediatamente ordenará su archivo, no-tificará tal decisión por correo al promovente e indicará la razón que motiva el archivo y de su derecho a solicitar una reconsideración de tal decisión dentro de diez días calen-dario desde la notificación, y que no hacerlo así equivaldrá a una aceptación de que la determinación sea final.
(7) Si el Director Administrativo o la Directora Admi- *649 nistrativa al reconsiderar sostuviera su decisión de archi-var, el promovente, dentro de diez (10) días calendario desde la notificación de tal decisión, podrá solicitar la revi-sión de esta decisión ante el Juez Presidente o la Jueza Presidenta. El Juez Presidente o la Jueza Presidenta, un Juez Asociado o una Jueza Asociada designado o designada por el Tribunal Supremo, la resolverá.
(8) Si la evaluación inicial de la queja refleja la posibi-lidad o indica claramente una conducta que amerita una investigación ulterior, la Oficina de Asuntos Legales infor-mará de ello al Director Administrativo o a la Directora Administrativa al cabo de los quince días laborables si-guientes a la presentación de la queja e iniciará la investi-gación formal. Se notificará al promovente y al juez o a la jueza tal determinación, y se remitirá copia de la queja a éste o ésta.
CAPÍTULO III. PROCESO INVESTIGATIVO
Regla 14 — Confidencialidad
(1) El proceso investigativo y el expediente de la queja o de la solicitud de separación serán de carácter confidencial.
(2) Conforme con la Regla 10 de Disciplina Judicial, efectuada la determinación de causa probable y presen-tada la querella o petición de separación correspondiente, el expediente estará sujeto a inspección por el público en la Secretaría del Tribunal.
(3) El juez o la jueza bajo investigación podrá renunciar por escrito a la confidencialidad en cualquier etapa del pro-cedimiento, previa solicitud al Tribunal. No obstante, a so-licitud por escrito de las autoridades pertinentes, la Ofi-cina de Asuntos Legales informará si el juez o la jueza es objeto de investigación por queja presentada en su contra, y la etapa investigativa de ésta.
(4) No se ofrecerá información alguna sobre las quejas de hostigamiento sexual presentadas contra el juez o la *650 jueza y que estén en la etapa de investigación, o que hayan sido desestimadas en cualquier etapa del procedimiento.
Regla 15 — Derechos procesales del juez y de la jueza bajo investigación; deberes
(1) Durante el proceso investigativo de una queja por alegado hostigamiento sexual, el juez o la jueza tendrá de-recho a:
(A) recibir una notificación del inicio del procedi-miento formal de investigación en su contra;
(B) obtener una copia de la queja o, si la investiga-ción fuese por iniciativa del Juez Presidente o de la Jueza Presidenta, de un Juez Asociado o de una Jueza Asociada, del Director Administrativo o de la Directora Administra-tiva, del Secretario o la Secretaria de Justicia, o del Procu-rador o la Procuradora General, a ser informado de su con-tenido;
(C) estar asistido o asistida por un abogado o una abogada;
(D) inspeccionar y obtener copia de todos aquellos documentos, declaraciones, libros u otra evidencia perti-nente al asunto, y
(E) conocer la identidad de los testigos presentados en su contra.
(2) Toda materia privilegiada conforme a las Reglas de Evidencia no estará sujeta a descubrimiento.
(3) Durante el proceso investigativo, el juez o la jueza promovido o promovida tendrá la responsabilidad de:
(A) contestar la queja presentada contra él o ella dentro del término de veinte días calendario desde que le fue notificada;
(B) cooperar en el proceso investigativo;
(C) suministrar todos aquellos documentos, obje-tos, grabaciones, nombres de testigos u otra prueba que entienda pertinente a la investigación o que le sea reque-rida;
*651 (D) prestar declaración jurada, si se le requiere;
(E) abstenerse de realizar gestiones que constitu-yan o puedan ser consideradas intervenciones indebidas con testigos, prueba documental o de cualquier otra natu-raleza, y
(F) evitar la publicidad del asunto durante la etapa investigativa.
Regla 16 — Investigación formal
(1) La Oficina de Asuntos Legales o la persona desig-nada por el Director Administrativo o la Directora Admi-nistrativa realizará la investigación formal de la queja y rendirá al Director Administrativo o a la Directora Admi-nistrativa el informe correspondiente dentro de un término no mayor de sesenta días calendario a partir de la conclu-sión de la evaluación inicial.
(2) El juez o la jueza someterá, dentro del término que le sea concedido y a solicitud de la Oficina de Asuntos Le-gales, o a iniciativa propia, cualquier información respecto a la queja que estime pertinente al proceso.
(3) La Oficina de Asuntos Legales podrá requerir al promovente que comparezca para ofrecer información adi-cional o replicar a lo expuesto por el juez o la jueza dentro del término de diez días laborables.
Regla 17 — Informe de investigación formal
(1) Una vez finalizada la investigación formal, la Ofi-cina de Asuntos Legales deberá rendir un informe escrito al Director Administrativo o a la Directora Administrativa. Si los hechos determinados en el informe evidencian una conducta que amerita un procedimiento disciplinario por hostigamiento sexual, el Director Administrativo o la Directora Administrativa remitirá el informe junto con el ex-pediente completo a la Comisión dentro de los cinco días laborables siguientes a su recibo, dirigido al Secretario o a la Secretaria y notificará su envío al promovente y al juez o a la jueza.
*652 (2) Si, por el contrario, los hechos determinados en el informe no fuesen indicativos de una conducta que amerite . un trámite ulterior, el Director Administrativo o la Direc-tora Administrativa desestimará la queja formal y orde-nará su archivo y notificación al promovente y al juez o a la jueza dentro de igual término de cinco días laborables desde su recibo.
(3) Se informará al promovente de su derecho a solici-tar la reconsideración de tal decisión al Director Adminis-trativo o a la. Directora Administrativa dentro de los diez (10) días calendario desde su notificación, de no estar con-formé con la determinación, y que no hacerlo así equival-drá a una aceptación de que la determinación sea final.
Regla 18 — Reconsideración por el Director Administrativo o la Directora Administrativa; revisión ante el Juez Pesi-dente o la Jueza Presidenta
(1) Dentro de los diez días laborables de haberle sido presentada la solicitud de reconsideración dispuesta en la Regla 17 dé este procedimiento, el Director Administrativo o la Directora Administrativa deberá considerarla y notifi-car su determinación al promovente y al juez o a la jueza.
(2) El promovente podrá presentar ante el Juez Presi-dente o la Jueza Presidenta una solicitud de revisión, den-tro de los diez días laborables siguientes a la notificación del Director Administrativo o de la Directora Administra-tiva, en la que sostenga su determinación inicial, la funda-mentará y expondrá en detalle los hechos que la sostienen. Notificará esta solicitud al Director Administrativo o a la Directora Administrativa y al juez o a la jueza.
(3) El Juez Presidente o la Jueza Presidenta, o el Juez Asociado o la Jueza Asociada que el Tribunal designe, re-querirá al Director Administrativo o a la Directora Admi-nistrativa que le remita el expediente que obra en la Ofi-cina de Asuntos Legales, el cual deberá incluir el informe de la investigación realizada.
*653 Regla 19 — Otras reglas aplicables
Una vez que se remita el informe a la Comisión de Dis-ciplina, aplicarán las Reglas de Disciplina Judicial, a par-tir de la Regla 13 de dicho cuerpo de reglas.
Regla 20 — Derogación
Por la presente queda derogada cualquier otra norma u orden administrativa, memorando, circular o reglamento que esté en. conflicto con las disposiciones de estas reglas.
Regla 21 — Cláusula transitoria
Toda queja que esté bajo investigación en la Oficina de Asuntos Legales al momento de entrar en vigor estas re-glas, continuará con el procedimiento vigente a la fecha de la presentación de la queja y hasta la presentación del in-forme de investigación a la Comisión. Los derechos proce-sales del juez o de la jueza bajo investigación le aplicarán a partir de la fecha de vigencia de estas reglas.
Regla 22 — Vigencia
Estas reglas entrarán en vigor sesenta días a partir de que el Tribunal Supremo de Puerto Rico las apruebe.